1

2

3

4      **The following constitutes the order of the court.**
       **Signed October 1, 2013**

5

6

7      _____
       **William J. Lafferty, III**
       **U.S. Bankruptcy Judge**

8

9                    UNITED STATES BANKRUPTCY COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                          OAKLAND DIVISION

12   In re                          |    No. 12-49371
                                     |    Chapter 11
13   STEPHANIE JO HARRIMAN,          |
                                     |
14                                   |
                    Debtor.          |
15   _____|

16                      **MEMORANDUM OF DECISION**

17        On November 21, 2012, the debtor, Stephanie Jo Harriman, filed

18   the above-captioned Chapter 11 case.  On August 21, 2013, the

19   debtor filed a Motion to Value Collateral.  On September 4, 2013,

20   Wells Fargo Bank National Association ("Wells Fargo") filed an

21   opposition to the debtor's motion.  The debtor filed a response in

22   support of the motion on September 11, 2013.  The motion was heard

23   on September 18, 2013.

24        At the conclusion of the hearing, the Court orally denied the

25   motion.  The Court explained that the primary consideration when

26   evaluating whether a claim should be modified under section

     1123(b)(5) is the reasonable expectations of the parties at the

     time of the loan transaction.  The primary purpose of the statute

creating the exception is to protect home lenders, and ensure the continuing liquidity of the residential loan market.  By considering the intent of the parties at the time of the loan transaction, the court furthers this purpose.

The Court noted counsel for the debtor's position that, as set forth in certain cases cited in the response, some courts have taken the position that the determination of the applicability of section 1123(b)(5) turns exclusively on the "physicality" of the property; i.e. if there is any potential use of the property in addition to the debtor's primary residence, section 1123(b)(5) is not applicable.  The Court issues this memorandum to emphasize its reliance on the cases which seek to evaluate the parties reasonable expectations at the time of the transaction and its disagreement with the cases that have relied on the "physicality" of the property solely in determining whether section 1123(b)(5)'s limitations on lien modification are applicable.

1.    Introduction

In this case, Wells Fargo holds a claim secured by the debtor's real property located at 3905 Happy Valley Road, Lafayette, CA 94549 (the "Property").  The debtor seeks to modify Wells Fargo's claim pursuant to section 1123(b)(5) of the Bankruptcy Code.  At issue is whether the Property is the debtor's "principal residence," and thus ineligible for modification under section 1123(b)(5).

Under section 1123(b)(5), claims can be modified unless they are only secured by the debtor's "principal residence." *Nobelman v. American Sav. Bank*, 508 U.S. 324, 332 (1993).  The legislative

2

history indicates Congress created this exception to protect home lenders and ensure liquidity in the residential mortgage market. *See Lomas Mortg. v. Louis*, 82 F.3d 1, 3, 5-7 (1st Cir. Mass. 1996). A borrower can simultaneously reside on a property and rent the property to others.  Loans securing these mixed-use properties can be subject to modification if at the time of the loan transaction the parties intended for the property to be income-producing.  *See Scarborough v. Chase Manhattan Mortg. Corp. (In re Scarborough)*, 461 F.3d 406, 414 (3d Cir. Pa. 2006)*; Brunson v. Wendover Funding (In re Brunson),* 201 B.R. 351, 351 (Bankr. W.D.N.Y. 1996)*; In re McVay*, 150 B.R. 254, 257 (Bankr. D. Or. 1993).

2.    The Reasonable Expectations of the Parties

There is no binding authority in this jurisdiction which decrees when a claim is only secured by a principal residence. However, a 1996 decision by the Bankruptcy Appellate Panel of the Ninth Circuit, *Lievsay v. Western Fin. Sav. Bank, F.S.B. (In re Lievsay)*, 199 B.R. 705, 709 (B.A.P. 9th Cir. Cal. 1996), provides persuasive authority.  In *Lievsay*, the court determined that the secured claim could not be modified under 1123(b)(5), because it was only secured by the debtor's principal residence.  The court considered the reasonable expectations of the parties at the time they entered into the loan transaction.  *See Lievsay*, 199 B.R. at 709.

When creating the primary residence exception, Congress cited a 1986 bankruptcy court opinion, *In re Ramirez 62 B.R. 668 (Bankr. S.D. Cal. 1986)*.  *See Lomas*, 82 F.3d at 6-7.  In *Ramirez*, the court determined that the claim could be modified, finding it

3

particularly persuasive that the lender considered the debtor's rental income when making the loan. *Ramirez*, 62 B.R. at 669-70. Courts citing *Ramirez* have consistently considered the intent of the parties at the time of the loan transaction. Courts are particularly persuaded by evidence that the lender and borrower intended for the property to be income-producing. *See*, *e.g.*, *Brunson* 201 B.R. at 353.

In this case, Ms. Harriman obtained a mortgage loan on January 16, 2003, which was secured by a deed of trust encumbering the Property. The Property includes two structures, a house and a cottage. The cottage has been rented continuously for the last five years. However, there is no evidence that the cottage was rented at the time of the loan transaction or during the first five years Ms. Harriman owned the property. Mot. To Value Collateral 1-2, Aug. 21, 2013, ECF No. 57. An office and a storage facility are also currently maintained on the Property, and are used by a third party for commercial purposes. *Id.* It is unclear how long the office and storage facility have been maintained. The property is under the zoning classification "Single Family Residence," not "Multiple Family Residence." The Multiple Family Residence zoning classification contains a subclassification: "Two Family Residential." Opp'n to Debtor's Mot. To Value Collateral 5, Ex. H, Sept. 4, 2013, ECF No. 61. The lender underwrote the loan through its residential loan department, not its commercial loan department. *Id.* at 3. The deed of trust states that the Property is the personal and primary residence of Ms. Harriman. The deed of trust also states that Ms. Harriman "will use the property as [her]

4

residence for at least 12 months." The deed of trust allows the lender to collect rent payments, and manage lease agreements. *Id.* at Ex. A.

There is no evidence that at the time of the loan transaction, the cottage was being rented, or that the parties intended for (or expected that) the Property to be income-producing. *See Lievsay*, 199 B.R. at 708-09 (finding "boilerplate" language in the deed of trust insufficient to demonstrate that the security interest extends beyond the personal residence). When considering the reasonable expectations of the parties at the time of the loan transaction, the loan was only secured by the debtor's principal residence. Therefore, the loan cannot be modified under section 1123(b)(5).

3.   The Physical Structures Approach

The debtor argues that the physical nature of the Property is sufficient to indicate that the loan can be modified. Reply Br. In Support Of Mot. To Value Collateral 1-3, Sept. 11, 2013, ECF 62. The court recognizes that there are some cases which support this determination. *See, e.g., In re Kimbell*, 247 B.R. 35, 37-38 (Bankr. W.D.N.Y. 2000). Some courts endorse a bright line rule under which a property is subject to modification if the property is a multi-unit or multi-family property on which the debtor resides. *See id.* However, these cases are not binding in this jurisdiction, and this court is not persuaded that this is the correct approach.

Under many cases following *Ramirez*, the physical nature of the property alone is insufficient to support modification. *See*

5

*Scarborough v. Chase Manhattan Mortg. Corp. (In re Scarborough)*,
461 F.3d 406, 409, 411-12 (3d Cir. Pa. 2006); *In re McVay*, 150 B.R.
254, 255, 257 (Bankr. D. Or. 1993); *In re Zaldivar*, 441 B.R. 389,
390-91 (Bankr. S.D. Fla. 2011). Some courts outside the Ninth
Circuit consider the physical characteristics of a debtor's
property and how the structures on the property are actually used.
However, many of these courts also evaluate the loan transaction
and consider how the lender and borrower intended for the property
to be used. *See*, *e.g.*, *Scarborough*, 461 F.3d at 411-12. Other
courts have considered the totality of the circumstances with a
significant emphasis on the intent of the parties when entering
into the loan transaction. *See*, *e.g.*, *Brunson v. Wendover Funding
(In re Brunson)*, 201 B.R. 351, 353 (Bankr. W.D.N.Y. 1996).
Consideration of the physical characteristics of the property and
actual use of the property is alone insufficient to determine that
the claim should be modified.

At the hearing, the debtor asked the court to consider
whether modification of a claim would be proper when a debtor owned
and resided in a one hundred rental unit building. The debtor's
hypothetical is distinguishable from this case. In this case,
there is nothing about the physical nature of the Property that
compels the conclusion that the parties intended for the property
to be income-producing. Unlike a one hundred unit rental building,
in this case, the Property includes a house and a cottage. It is
not self-evident that the cottage is an income-producing unit. It
is reasonable to assume that the cottage is used to house guests or
family. Furthermore, the evidence does not indicate that the

6

cottage was rented at the time of the loan transaction, or during the first five years following the loan transaction. In a one hundred unit rental building, leasing arrangements would occur immediately following construction.

4.   Conclusion

The physical characteristics of rental units on real properties vary significantly. Consequently, it is difficult to determine if a loan secures only a debtor's principle residence by evaluating the physical characteristics of the property. The appropriate consideration is the reasonable expectation of the parties at the time of the loan transaction. The court should consider whether the lender and borrower intended for the property to be income-producing. Evaluation of the loan transaction is necessary. *See, e.g., Brunson*, 201 B.R. at 353. Evidence that the lender relied on the additional security provided by the income-producing nature of the property strongly indicates the loan is not only secured by the debtor's primary residence and the claim can be modified. *See Lievsay v. Western Fin. Sav. Bank, F.S.B. (In re Lievsay)*, 199 B.R. 705, 709 (B.A.P. 9th Cir. Cal. 1996).

In this case, the facts do not indicate that at the time of the loan transaction the parties intended for the Property to be income-producing. Consequently, the loan is only secured by Ms. Harriman's principle residence. Wells Fargo's secured claim cannot be modified under section 1123(b)(5).

**\*\*END OF MEMORANDUM\*\***

7

1                          **COURT SERVICE LIST**

2
   Stephanie Jo Harriman
3  3905 Happy Valley Rd.
   Lafayette, CA 94549
4
   Judson H. Henry
5  Law Office of Judson H. Henry
   6041 Brookside Circle
6  Rocklin, CA 95677

7  Matthew R. Clark
   PITE DUNCAN, LLP
8  4375 Jutland Drive, Suite 200
   P.O. Box 17933
9  San Diego, CA 92177-0933

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26